IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAMILLA BERGESON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br>Case No. 1:19-cv-00102-JNP<br><br>District Judge Jill N. Parrish |

Camilla Bergeson pled guilty to possession of child pornography. The court sentenced her to 24 months of incarceration and ten years of supervised release. She did not appeal from the criminal judgment against her. Bergeson now moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. She asserts four grounds for relief, arguing that (1) the sentence of 24 months of incarceration was too harsh given her circumstances, (2) the sentence of ten years of supervised release was too harsh given her desire to pursue a career in cosmetology, (3) her counsel was ineffective during the sentencing hearing, and (4) her mental depression justifies a sentence reduction. The court DENIES Bergeson's § 2255 motion.

"The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). There are two exceptions to this rule. First, the defendant can raise a claim that was not asserted on appeal if she "can demonstrate both 'cause' for not raising the claim . . . , and 'prejudice' from not having done so." *Id.* Second, the defendant can raise an "actual

innocence" claim for the first time on collateral review. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Bergeson does not assert an actual innocence claim. Accordingly, the only question before the court is whether she has demonstrated both "cause" for failing to raise her claims on appeal and prejudice resulting from that failure. " '[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). "For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that "some interference by officials" . . . made compliance impracticable, would constitute cause under this standard.' " *Id.* (alterations in original) (citation omitted). Additionally, "[a]ttorney error that constitutes ineffective assistance of counsel is cause." *Id.* at 753–54.

Here, Bergeson explained that she did not appeal from her sentence because her "[a]ttorney . . . did not desire to file an appeal." This statement is somewhat ambiguous. It could mean that her attorney did not want to represent her on appeal. It could also mean that he advised her that an appeal would be ineffective. Or both could be true. But Bergeson did not assert that her counsel was constitutionally ineffective for failing to file an appeal on her behalf.[1] She did not contend, for example, that she directed her attorney to file an appeal and he refused or neglected to do so. Nor did she argue that her attorney made a grave mistake when advising her regarding a potential appeal. In short, Bergeson has not shown an acceptable "cause" for her failure to assert her claims

---

[1] Bergeson argued that her attorney was ineffective "on the date of sentencing," alleging that he made errors at the hearing. She did not assert that her attorney was ineffective in relation to her appeal rights.

in an appeal. Accordingly, her § 2255 petition is procedurally barred. The court denies her motion to vacate, set aside, or correct her sentence and directs the clerk of court to close this case.

DATED December 23, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge